UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00668-RJC

| GWENDONLYN M. SPORTS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Gwendolyn M. Sport's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12), and Defendant's Motion for Summary Judgment, (Doc. No. 13), and Memorandum in Support, (Doc. No. 14).

**I. BACKGROUND**

A. Procedural Background

Plaintiff seeks judicial review of Defendant Social Security Commissioner's ("Defendant" or "Commissioner") denial of her social security claim. (Doc. No. 1). On May 26, 3006, Plaintiff filed her application for a period of disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. Nos. 10 to 10-9: Administrative Record ("Tr.") at 141). In her application, Plaintiff alleged an inability to work due to disabling conditions beginning on January 30, 2005. (Tr. 432). On February 19, 2009, a hearing was held in Charlotte, North Carolina in front of an Administrative Law Judge ("ALJ"). (Tr. 147). On May 4, 2009, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 154).

On June 19, 2009, Plaintiff filed an application for supplemental security income ("SSI") under Title XVI of the SSA. (Tr. 450). Within this second application, Plaintiff listed January 1, 2000 as her onset date. (Tr. 450). Plaintiff's application was denied initially on September 17, 2009 and again upon reconsideration on March 31, 2010. (Tr. 267, 272). Thereafter, the Appeals Council vacated the prior May 4, 2009 ALJ decision and remanded the case for a new hearing. (Tr. 158–61). The Appeals Council also stated that the ALJ should consider whether Plaintiffs then-pending SSI claim should be consolidated within his determination. (Tr. 160).

On June 5, 2012, a differnent ALJ conducted Plaintiff's remand hearing. (Tr. 166). Again, Plaintiff's claims were denied in a written decision dated July 9, 2012. (Tr. 163–82). Plaintiff then filed her second appeal to the Appeals Council, which vacated the ALJ decision and remanded for yet another hearing in front of a third ALJ. (Tr. 192–95).

On February 24, 2015, the third ALJ conducted Plaintiff's hearing. (Tr. 47–81). Plaintiff amended her alleged onset date to December 21, 2011. (Tr. 21). The ALJ thereafter rendered another unfavorable decision on July 17, 2015. (Tr. 21–34). This time, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final determination of Defendant. (Id. at 1–7). Plaintiff now comes before the Court alleging the following errors in the ALJ decision:

1. The ALJ did not give a full function-by-function analysis of the nonexertional mental functions associated with Plaintiff's mental impairments;
2. The ALJ accepted testimony from a vocational witness that apparently conflicts with the DOT yet she failed to obtain an explanation from the vocational witness and failed to resolve the conflicts in the written decision; and

3. The ALJ found Plaintiff's testimony not entirely credible but the ALJ does not give legally sufficient reasons supported by substantial evidence for finding Sports' testimony not entirely credible.

(Doc. No. 12).

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 21, 2011, Plaintiff's alleged onset date, and July 17, 2015, the date of the ALJ's decision.[1] (Tr. 22). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ ultimately concluded that Plaintiff was not under a disability at any point in the relevant timeframe. (Tr. 34).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i–v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. at 33).

To begin with, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since December 21, 2011, her alleged onset date. (Tr. 24). At the second step, the ALJ found that Plaintiff had the following severe impairments: "cervical spondylosis, degenerative joint disease of the left knee status post arthroscopy, osteoarthritis of the right knee, asthma, and Major Depressive Disorder." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Id.). The ALJ also recognized that Plaintiff had moderate limitations in her social functioning and concentration, persistence or pace but no limitations in her daily living activities. (Tr. 25).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except only occasional overhead reaching with one upper extremity; no concentrated exposure to extremes in temperatures, or dust, fumes, or gases; perform only low stress work, which requires few decisions to be made in order to perform work duties and few changes to the work duties; and limited to only casual, non- intense contact with others in order to perform work duties.

(Tr. 25). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 26). The ALJ further opined that she "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 33). Finally, at the fifth and final step, the ALJ concluded that, after "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id.). Therefore, the ALJ determined that Plaintiff was not under a "disability," as defined by the Social Security Act, between December 21, 2011 and July 17, 2015, the date of the ALJ's decision.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The Court agrees with Plaintiff that the ALJ failed to identify apparent conflicts between the Vocational Expert's ("VE's") testimony and the Dictionary of Occupational Titles ("DOT") and the Selected Characteristics of Occupations ("SCO"). The ALJ also erred when she thereafter failed to obtain an explanation from the VE and resolve the conflicts in her written decision. In Pearson v. Colvin, the Fourth Circuit clarified that the ALJ has two duties when it comes to assessing VE testimony:

> First, the ALJ must '[a]sk the [vocational expert] ... if the evidence he or she has provided conflicts with information provided in the [Dictionary]'; and second, '[i]f the [vocational expert]'s ... evidence appears to conflict with the [Dictionary ],' the ALJ must "obtain a reasonable explanation for the apparent conflict.' Notably, this second requirement is so independent of the first that it does not rest on the vocational expert's identification of a conflict.

Pearson v. Colvin, 810 F.3d 204, 208 (4th Cir. 2015) (quoting SSR 00–4p). The Fourth Circuit has interpreted this second duty to include an independent investigation by the ALJ of any apparent conflicts. Id. at 209. Here, the ALJ fulfilled her first duty by asking if the VE's proposed jobs of Document Preparer, Check Weigher, and Final Assembler were consistent with both the DOT and SCO. (Tr. 81). The VE replied that "[t]he DOT does not address absences per month, or off task time." (Id.). "I base that on my training, education, and knowledge of how jobs are performed in

the labor market," she reasoned. (Id.). When asked if there was any conflict with the SCO specifically, the VE then stated, "No, your honor." (Id.).

However, "an ALJ has not fulfilled his affirmative duty 'merely because the [vocational expert] responds 'yes' when asked if her testimony is consistent with the [DOT].'" Pearson, 810 F.3d at 209 (quoting Moore v. Colvin, 769 F.3d 987 (8th Cir.2014)). The ALJ must then move to her second duty: independently identifying conflicts between the VE testimony and the DOT. Id. During the RFC analysis, the ALJ limited Plaintiff to "occasional overhead reaching with one upper extremity." (Tr. 25). Turning to the jobs at hand, according to the SCO, both Document Preparer and Final Assembler involve "frequent reaching" while Check Weigher involves "constant reaching." SCODICOT 06.03.02; 06.04.23; 07.05.03.

In Pearson, the ALJ limited the claimant to only occasional upward reaching for their non-dominant hand. Pearson, 810 F.3d at 201. The Fourth Circuit then noted that "reaching" is given a relatively broad definition. "Reaching" is defined as "[e]xtending hand(s) and arm(s) in any direction." Appendix C. Physical Demands, SCODICOT Appendix C. The Court then concluded that an apparent conflict existed. The Court reasoned that, "[a]lthough the *Dictionary* does not expressly state that the occupations identified by the expert require frequent bilateral overhead reaching, the *Dictionary*'s broad definition of 'reaching' means that they certainly *may* require such reaching." Id. at 211 (emphasis in original). "Although we could guess what these occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching." (Id.).

The Court finds before it the same situation addressed in Pearson. Yes, Defendant is correct in arguing that the DOT and SCO do not *necessarily* mandate frequent overhead reaching with one upper extremity specifically. (Doc. No. 12–13). But as the Fourth Circuit held, we could

guess that these jobs would not require a specific type of overhead reaching, but "it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent [overhead reaching with one upper extremity]." Pearson, 810 F.3d at 211.

## IV. CONCLUSION

The ALJ erred by not investigating and explaining apparent conflicts that existed between Plaintiff's given RFC and the jobs proposed by the VE. As such, the Court remands this case pursuant to Sentence Four of 42 U.S.C. §405(g) with instruction for further proceedings consistent with this order. Because the Court remanded this case on Plaintiff's second issue, it did not address Plaintiff's first or third arguments. As such, the ALJ should take note of Plaintiff's remaining arguments on remand.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**;
3. The Clerk of Court is directed to close this case.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge